**AFFIRM; and Opinion Filed August 23, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00517-CR

## EX PARTE ANTHONY TRAVIS BACKUS

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-81989-2014**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Lang-Miers

Anthony Travis Backus is charged with the offense of online impersonation. The indictment alleged that appellant, "without obtaining the consent of [L.B.], intentionally and knowingly use[d] the name of [L.B.] to post one or more messages on a commercial social networking site with the intent to harm, defraud, intimidate and threaten [L.B.]." *See* TEX. PENAL CODE ANN. § 33.07(a) (West Supp. 2015). The State alleged that appellant used L.B.'s photograph to post an ad on Craigslist entitled "Horny 18 year old." The State alleged that "[t]he ad stated that the female depicted in the photos was seeking a job in the adult industry and needed 'practice.' The ad also included [L.B.'s] phone number. [She] received numerous text and phone calls in response to [appellant's] actions."

Appellant filed a pretrial application for writ of habeas corpus challenging the constitutionality of section 33.07(a). The trial court denied relief on appellant's application without conducting a hearing. In three issues, appellant contends section 33.07(a) is facially

unconstitutional because it is (1) overbroad in violation of the First Amendment, (2) too vague to satisfy the Fifth and Fourteenth Amendments, and (3) violates the Dormant Commerce Clause.

In his first issue, appellant contends that section 33.07(a) is facially unconstitutional because it is overbroad and violates the First Amendment. He argues that the statute restricts speech based on its content and cannot pass the strict scrutiny test.

In his second issue, appellant argues that the statute is facially unconstitutional for vagueness. He specifically challenges the statute's use of an "all encompassing 'harm' standard," and argues that the definition fails to provide a person of ordinary intelligence with fair notice of what the statute prohibits and authorizes or encourages seriously discriminatory enforcement.

In his third issue, appellant argues that the statute violates the Dormant Commerce Clause because it "unduly burdens interstate commerce by attempting to place regulations on Internet users everywhere."

We decided these exact issues in a similar case which we issued today. *Ex parte Bradshaw*, No. 05-16-00570-CR, slip op. at *1–18 (Tex. App.—Dallas Aug. 23, 2016, no pet. h.). In that case, the appellant used the persona of another, without that person's consent, to establish multiple online profiles containing identifying personal information, including the victim's cell phone number, and to post or send one or more messages on an Internet website with the intent to harm the victim. *Id*. We concluded that section 33.07(a) was not overbroad or vague and did not violate the Dormant Commerce Clause. *Id*. For the reasons stated in *Ex parte Bradshaw*, we conclude that section 33.07(a) is not facially unconstitutional. *Id*.; *see also State v. Stubbs*, No. 14-15-00510-CR, 2016 WL 4217837, at *1–13 (Tex. App.—Houston [14th Dist.] Aug. 9, 2016, no pet. h.).

We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

160517F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ANTHONY TRAVIS BACKUS

No. 05-16-00517-CR

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-81989-2014.
Opinion delivered by Justice Lang-Miers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the trial court's order denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 23rd day of August, 2016.